IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

JASON WAYNE WEAVER,               )
#10932-171,                       )
                                  )
                    Plaintiff,    )    Civil Action No. 3:08-2723-TLW-JRM
                                  )
                                  )
v.                                )
                                  )
ANDERSON CITY JAIL and            )    **REPORT AND RECOMMENDATION**
MEDICAL STAFF; NURSE              )
ANGELIA WHITE; DR. MARK           )
DORN,                             )
                                  )
                                  )
                    Defendants.   )
_____ )

        The Plaintiff has filed this action, pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff

alleges violations of his constitutional rights by the named Defendants while he was incarcerated at

the Anderson City Jail.  The Defendants filed a motion to dismiss on December 12, 2008, pursuant

to Rule 56, Fed.R.Civ.P..  As the Plaintiff is proceeding pro se, an order pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on December 15, 2008, advising

Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate

response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants'

motion may be granted, thereby ending his case.

        However, notwithstanding the specific warning and instructions as set forth in the Court's

Roseboro order, the Plaintiff failed to respond to the motion.  As the Plaintiff is proceeding pro se,

1

the court filed a second order on January 27, 2009, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Plaintiff an additional fifteen (15) days in which to file his response to the Defendants' motion to dismiss. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.   On February 2, 2009, the Court's order was return marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The Court notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the Court.** (emphasis added)

<u>See</u> Order filed August 18, 2008.

Plaintiff has failed to comply with this order, and  as a result neither the Court nor the Defendants have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Plaintiff in the Court's order of August 18, 2008, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.  The Clerk is directed to send this Report and Recommendation to Plaintiff at his last known address.

If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case, responds to the Defendants' motion

2

to dismiss and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.  If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
February  3, 2009

**The parties are referred to the Notice Page attached hereto.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).